UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ERMELINDA GARCIA, | ) Case No. ED CV 14-1976-DFM |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION AND |
| v. | ) ORDER |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Ermelinda Garcia appeals the Commissioner's final decision denying her applications for Supplemental Security Income and Disability Insurance benefits. For the reasons discussed below, the Court concludes that the Administrative Law Judge ("ALJ") erred in determining that Plaintiff was able to perform her past relevant work as a hospital beautician. The Commissioner's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her applications for benefits on January 26, 2012, alleging disability beginning March 10, 2010. Administrative Record ("AR") 9. The

ALJ determined that Plaintiff had the severe impairments of bilateral carpal tunnel syndrome, obesity, degenerative disc disease of the lumbar spine, and degenerative joint disease of the right shoulder. AR 11.

At the administrative hearing, the ALJ called a vocational expert ("VE") to testify about what work Plaintiff could perform given her impairments and functional limitations. AR 33-35. The ALJ gave the VE a hypothetical based on what the ALJ determined was Plaintiff's residual functional capacity ("RFC"):

> Q:    Number 1, I want you to assume a hypothetical individual with the claimant's education, training, and work experience who is limited to occasionally lift and carry 20 pounds, frequently lift and carry 10. Stand and walk, with normal breaks, for a total of six of an eight-hour day; sit, with normal breaks, for a total of six of an eight-hour day. Postural limitations would be all occasional. No climbing ladders, ropes, and scaffolds. And we'll limit to occasional for right overhead reaching, which is the right – and the right arm is the dominant arm. Okay? So based upon just hypothetical 1, would the claimant be able to perform past work?
>
> A:    Yes, Your Honor.
>
> Q:    Okay, now hypothetical 2's going to be the same as hypothetical 1, but we're also going to add frequent for gross and fine manipulation. Now if we add that limitation, would the claimant be able to perform past work?
>
> A:    I just want to double-check the requirements. Yes, Your Honor.

AR 33-34. The ALJ relied upon the VE's testimony in concluding that Plaintiff was not disabled because she could perform her past relevant work as a hospital beautician. AR 17.

2

## II.

## ISSUES PRESENTED

The parties dispute whether the ALJ erred in (1) failing to properly consider the opinion of Plaintiff's treating physician; (2) relying upon the VE's testimony in concluding that Plaintiff was capable of performing her past relevant work at step four of the sequential evaluation process; and (3) finding Plaintiff to be not fully credible.[1] See Joint Stipulation ("JS") at 2-3.

## III.

## DISCUSSION

Plaintiff contends that the ALJ erred in determining that she was capable of performing her past relevant work as a hospital beautician because the reaching requirements of the job, as described in the Dictionary of Occupational Titles ("DOT"), are incompatible with the ALJ's RFC assessment. JS at 11-14. The ALJ's RFC assessment determined that Plaintiff could only "occasionally reach overhead with the dominant right upper extremity." AR 13. Plaintiff contends that this limitation precludes her from her past relevant work as a hospital beautician because that job, as described in the DOT, requires "frequent" reaching. JS at 2-13.

The requirements listed by the DOT for the job of cosmetologist include reaching "frequently." DICOT 332.271-010, 1991 WL 672806. The Social Security Regulations define reaching as "extending the hands and arms in any direction." Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *7 (emphasis added). It is apparent that the DOT's requirements conflict with a limitation to only occasional overhead reaching.

---

[1] Because the Court concludes that the ALJ erred in determining that Plaintiff could perform her past relevant work, it declines to address Plaintiff's other claims of error. The ALJ may wish to address Plaintiff's other claims upon remand.

When an expert's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2; see also Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). An ALJ's failure to perform this step constitutes procedural error. Id. at 1153-54 & n.19. However, the Court may find the procedural error to be harmless if the VE provided sufficient support for his conclusion so as to justify any potential conflicts. Id. at 1154 n. 19.

Here, it is apparent from the record that the VE did not explain the basis for her conclusion that a person with Plaintiff's limitation to only occasional overhead reaching with the dominant right hand could perform the job of cosmetologist, a job which requires frequent reaching according to the DOT. Moreover, the VE did not provide an evidentiary basis for the ALJ to justify a divergence from the DOT listing in this particular case. The VE concluded that Plaintiff could perform the listed job even though her limitations appear to contradict the job's requirements. This disparity required an explanation from an expert sufficient for the ALJ and the Court to defer to and rely upon. As a result, it appears that the Court "ha[s] an apparent conflict with no basis for the vocational expert's deviation," a circumstance that compels a remand so that the ALJ can perform the appropriate inquiry under SSR 00-4p. See Massachi, 486 F.3d at 1154 & n.19.

The Court does not find persuasive the Commissioner's contention that Plaintiff can still perform the requirements of the job of cosmetologist despite being limited to only occasional overhead reaching with her dominant arm because she was still able to use her left arm as well as use both arms frequently for gross and fine manipulation. See JS at 14. It is not clear from either the DOT or the VE's testimony whether Plaintiff would in fact be able to

4

perform her past relevant work while limited to only occasional overhead reaching with her dominant right hand. One would presume that a beautician would be required to reach, either at or above shoulder level, in order to cut and style a client's hair. "As defined in the [DOT], the plain meaning of 'reaching' encompasses above-the-shoulder reaching." Mkhitaryan v. Astrue, 09-6971, 2010 WL 1752162, *3 (C.D. Cal. Apr. 27, 2010). Although it is arguably true, as the Commissioner points out, that the use of two arms is not necessarily required for jobs that require reaching and handling, see JS at 15, it is difficult to imagine how Plaintiff could perform the particular job of cosmetologist with a limitation on the use of her dominant hand.

Nor can the Court confidently state that any error was harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context." (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006))). The ALJ did not determine whether Plaintiff was able to perform any other past relevant work given her impairments and functional limitations, nor did the ALJ consider whether Plaintiff was capable of performing other work in the regional and national economy at step five of the sequential evaluation process.

Whether to remand for further proceedings or award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635. Based on the foregoing, the Court finds that remand is warranted for clarification as to the impact, if any, of Plaintiff's reaching limitation on her ability to perform the occupation of hospital beautician, and to sufficiently explain any deviation from the DOT.

5

**IV.**

**CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is reversed and the matter is remanded for further proceedings consistent with this opinion.

Dated:  May 27, 2015

_____

DOUGLAS F. McCORMICK
United States Magistrate Judge

6